99 F.3d 321
 RUMSEY INDIAN RANCHERIA OF WINTUN INDIANS; Table Mountain
Rancheria; Cher-Ae Heights Indian Community of the Trinidad
Rancheria; San Manual Band of Mission Indians; Viejas
Reservation of the Captain Grande Band of Diegueno Mission
Indians and Hopland Band of Pomo Indians; Barona Band of
Mission Indians; Sycuan Band of Mission Indians; Agua
Caliente Band of Cahuilla Indians, Plaintiffs-Appellees,
v.
Pete WILSON, Governor; State of California, Defendants-Appellants.
RUMSEY INDIAN RANCHERIA OF WINTUN INDIANS; Table Mountain
Rancheria; Cher-Ae Heights Indian Community of the Trinidad
Rancheria; San Manual Band of Mission Indians; Viejas
Reservation of the Captain Grande Band of Diegueno Mission
Indians and Hopland Band of Pomo Indians; Wintun Indians;
San Manual Band of Mission Indians; Cabazon Band of Mission
Indians, the Santa Ynez Band of Chumash Mission Indians of
the Santa Ysabel Reservation, California; Viejas
Reservation, of the Captain Grande Band of Diegueno Mission
Indians; San Manual Band of Mission Indians, the Hopland
Band of Pomo Indians; the Sycuan Band of Mission Indians;
the Morongo Band of Mission Indians; the Santa Rosa Band of
Tache Indians; the Cachil Dehe Band of Wintun Indians of
the Colusa Indian Community; the Soboba Band of Cahuilla
Mission Indians; the Robinson Band of Pomo Indians; the
Agua Caliente Band of Cahuilla Indians; and the Barona
Group of the Captain Grande Band of Mission Indians,
Plaintiffs-Appellees-Cross-Appellants,
v.
Pete WILSON, Governor; State of California,
Defendants-Appellants-Cross-Appellees.
 Nos. 93-16609, 93-16745.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 29, 1996.
 
 1
 Before: WALLACE and O'SCANNLAIN, Circuit Judges; KELLEHER,* District Judge.
 
 
 2
 Prior report: 64 F.3d 1250.
 
 
 3
 By order dated December 5, 1995 this panel construed appellees' letter briefs of August 28, 1995 as a renewed petition for rehearing in light of a California appellate court decision. We deferred consideration of the petition pending the decision by the California Supreme Court in that case, Western Telcon v. California State Lottery, 13 Cal.4th 475, 53 Cal.Rptr.2d 812, 917 P.2d 651 (1996). The California Court has issued its opinion and the parties have filed additional letter briefs on the impact of Western Telcon on our decision in this matter. We have considered the arguments of the parties and are not persuaded that the decision in Western Telcon has any impact on our decision in Rumsey. Therefore, our opinion will remain unchanged.
 
 
 4
 The motion of GTECH Corporation for leave to file an amicus brief regarding the remand order in this matter is DENIED.
 
 
 5
 The Opinion filed on November 15, 1994, as amended August 11, 1995, slip op. 9977, and appearing at 64 F.3d 1250 (9th Cir.1995), is further amended as follows:
 
 
 6
 At slip op. 9988 [64 F.3d at 1255], add the following footnote after the second sentence of the first full paragraph:
 
 
 7
 Since the State agreed not to "plead the Eleventh Amendment to the United States Constitution as a jurisdictional bar to the instant action," the Supreme Court's decision in Seminole Tribe of Florida v. Florida, --- U.S. ----, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), has no effect on our jurisdiction over this appeal. Id. at ----, 116 S.Ct. at 1119 (holding that § 2710(d)(7) of IGRA "cannot grant jurisdiction over a State that does not consent to be sued ") (emphasis added); see Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985) ("if a State waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action").
 
 
 8
 With this amendment, the panel has unanimously voted to deny the appellees' renewed petition for rehearing.
 
 
 9
 The petition for rehearing is DENIED. The mandate shall issue in the normal course.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation